DEWIT C. HOLBROOK, *et al* vs. THEODORE J. CAMPAU, *et al.*

The Circuit Court in Chancery will not exercise jurisdiction in those cases in which an adequate remedy exists in the Probate Court.

*Wayne Circuit, October,* 1870.

*D. C. Holbrook,* Solicitor for Complainants.
*George H. Prentis,* Solicitor for Defendants.

*By the Court,* PATCHIN, J.—This is a bill in chancery filed for the purpose of compelling the administrators of the estate of Joseph Campau to submit to this Court their entire accounts, as such administrators, and that such accounts be settled and a receiver be appointed, to the end that the estate of the said Joseph Campau may be fully and finally closed.

A motion was made by the complainant to amend the bill so as to ask for the removal of said administrators.

This motion is opposed by defendants upon that ground, among others, that this Court has no jurisdiction.

This estate has been in litigation for a number of years, dur-

ing which time various questions arising in it have been adjudi-cated upon both·in this and the Supreme Court. The amount involved is very considerable, and it is of the utmost importance to all parties concerned that every proceeding should be well considered, and of such a character as to avoid the necessity of being set aside. so that the end of this controversy may be finally reached. I have therefore devoted considerable time and labor to the examindtion of the question of jurisdiction of Courts in Chancery and the Probate Courts nnder our laws in this regard. While Courts in Chancery have often assumed jurisdiction over infants and guardians, administrators, so far as I have been able to find, have always been left to the Court of Probate, except in special cases for reasons set forth in the bill.

The Supreme Court, in passing ᵤupon one of the questions above alluded to, uses this language : " I am very strongly inclined to the opinion that under our probate system the Court of Chancery has only jurisdiction in those cases in which an adequate remedy does not exist in the Probate Court." 11 *Mich.* 404. With this clear and concise language before me, I do,not feel at liflerty to assume any of the duties of the Court of Probate, without first being entirely clear that the case at bar does not come within the meaning of the suggestion there made.

The motion must, therefore. be denied, and the bill dismissed for want of jurisdiction.